**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30031 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00038-SMJ-1 |
| v. | |
| JOSEPH W. AARNES, AKA Joseph Warren Aarnes, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Joseph W. Aarnes appeals from the district court's judgment and challenges the 92-month sentence imposed following his guilty-plea conviction for possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aarnes contends that the district court violated Federal Rule of Criminal Procedure 32(i)(1)(A) by failing to verify that he had reviewed and discussed the presentence investigation report ("PSR") with counsel. Even assuming the district court violated Rule 32(i)(1)(A), the error was harmless because Aarnes does not allege that he was unable to review the PSR or discuss it with counsel, nor does Aarnes identify any additional factual disputes that he would have presented to the district court if given the opportunity. *See United States v. Soltero*, 510 F.3d 858, 863-64 (9th Cir. 2007) (failure to confirm defendant's review of the PSR was harmless because defendant did not identify "*any* fact in the PSR he would have disputed had the sentencing judge afforded him the opportunity").

Aarnes also contends that the district court procedurally erred by failing to consider or address his childhood abuse and by relying on the clearly erroneous fact that he possessed more than one firearm silencer. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Aarnes's arguments and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, while the district court appears to have inadvertently referred to Aarnes's possession of multiple firearm silencers, Aarnes has not shown that this was the basis for the sentence. *See United States v. Christensen*, 732 F.3d 1094, 1106 (9th Cir. 2013).

**AFFIRMED.**

20-30031